HENRY R. FERRIS & CO. ex rel. COOKE v. MARTIN et al.

No. 33803. June 13, 1950.

*219 P. 2d 627.*

Marshall Word, of Arnett, for plaintiff in error.

Arney & Barker, of Clinton, for defendants in error.

WELCH, J. This proceeding involves a district court order or judgment on

probate appeal from the county court concerning final distribution of a sum of several thousand dollars in custody of the court clerk. This sum may be described as one-seventh of the net estate of a resident decedent which was administered in the county court. After due administration of that estate, payment of all debts and taxes and expenses, the county court found that one-seventh of the net estate in a stated sum should go to the children of one Martin, a deceased brother of the decedent, and it is conceded all that was right and proper. The other six-sevenths of that estate is in no manner involved here, and for lack of showing or lack of importance here it may be assumed that such six-sevenths of said estate has been fully distributed to the persons rightfully entitled thereto. Here we are only interested in the sum of money held by the court clerk as the remaining one-seventh of the original estate.

Upon due notice the county court, in 1946, entered an order in the administration case denominated a final decree. As to this one-seventh interest the so-called "final decree" was not a final decree of distribution. It did effectively segregate this one-seventh from the other six-sevenths, and it was demonstrated by that order that the named brother Martin had preceded the decedent in death and that therefore this one-seventh should go to the surviving children of such deceased brother. Furthermore, the order indicated that two named persons, Tom Martin and Gertrude Martin, as the only children of the said deceased brother, should each be entitled to one-half of the sum stated as one-seventh of the involved estate. But when the court came to the distributing portion of that order, it was merely ordered that the one-seventh here involved be paid by the administrator to the court clerk until the further order of the court, and such payment or transfer to the court clerk was accordingly made. The fact was that Tom Martin was not then alive, having died prior to the death of decedent, and there were four surviving children of the deceased brother Martin. They were the aforesaid Gertrude, and Frank, Geraldine, and Oliver. None of them then knew of the pending administration or of the death of the original decedent.

Thereafter Gertrude Martin, now Gertrude Cooke, learned of the foregoing probate proceedings, and of the sum of money held by the court clerk, and filed in court her application for final distribution to her of this sum of money so held by the court clerk. Thereupon the two brothers and the sister of Gertrude, i. e., Frank, Geraldine, and Oliver, presented their claims each to one-fourth of such sum of money. Frank, Geraldine, and Oliver were only one-half brothers and one-half sister of Gertrude, but all were children of the same father who was the aforesaid Martin, the deceased brother of the original decedent.

Upon trial of this distribution contest, the county court in effect treated its former order, which did segregate this one-seventh, as not constituting a final decree of distribution, and then directed final distribution of the sum by the court clerk, one-fourth thereof each to Gertrude, Frank, Geraldine, and Oliver, as surviving children of the said Martin, the deceased brother of the decedent whose estate produced the sum held by the court clerk.

Upon this trial and in the district court on appeal it was demonstrated that the several families representing the heirs of the original decedent lived in various distant states, had not kept in touch one with the other for a number of years, and that while the proof at the time of the original order, as to the deceased brother, and as to the right of his children to the one-seventh, was clear, the proof was vague, uncertain, and inconclusive as to who were the surviving children of such deceased brother. This may have accounted for the provision in the original order that this one-seventh be paid to

the court clerk and there held pending further order of the court.

The district court on appeal affirmed the distribution order of the county court which divided the sum of money involved between the four surviving children of Martin, the deceased brother of the original decedent.

For reversal plaintiffs in error contend that the original county court order of 1946 was a final decree of distribution to Gertrude exclusively, with conclusive and binding finality under statute 58 O. S. 1941 §§631 and 632. And plaintiffs in error cite decisions sustaining the finality of true orders of final distribution. But no authorities are cited sustaining the contention that such an order as here considered. was in fact a complete and valid final order of distribution.

Although the order of 1946 may have been considered by all the parties as a final decree of distribution as to the other six-sevenths of the involved estate, we conclude that is not conclusive of the question here. No authority contrary to this view is cited. And there is no controversy here, in any manner, as to that six-sevenths of the original estate, or as to the distribution thereof.

We conclude, as apparently did the trial court, that the original county court order of 1946 was not a final decree of distribution as to this sum of money representing the aforesaid one-seventh of the original estate.

The final distribution as to this sum of money, and as to this one-seventh of the original estate, came when the county court determined the issues presented by the four children of said Martin, and decreed distribution one-fourth to each of the children of said deceased brother of the original decedent.

There is no controversy as to the facts, or as to the relationship of the parties to the original decedent or as to their relationship to the deceased brother Martin.

We conclude the order and judgment of the district court here under attack was correct as to the law and fact and that same should be and is therefore affirmed.

ARNOLD, V. C. J., and CORN, GIBSON, HALLEY, and JOHNSON, JJ., concur. LUTTRELL and O'NEAL, JJ,. concur in result.